**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**WALTER CURTIS MOLES,**

                **Plaintiff,**

      **v.**                             **CASE NO. 05-3259-SAC**

**FREDRICK LAWRENCE,
et al.,**

                **Defendants.**

**O R D E R**

      This complaint was filed as a civil rights action under 42 U.S.C. 1983 by a federal detainee while he was confined[1] at the Corrections Corporation of America detention facility in Leavenworth, Kansas (CCA). Plaintiff also filed a Motion to Proceed Without Prepayment of Fees, which was granted, and he remains obligated to pay the entire filing fee through periodic payments when available from his inmate account.

      Plaintiff named as defendants several employees of the CCA, including Warden Lawrence, Associate Warden Mundt, Chief of Security Johnson, Grievance Officer Allen, Captain Grimes, Lieutenant Roberts, and Officer Phillips. He generally complained of four incidents: (1) Defendant Phillips' handling of his demand to use the toilet while at medical call, (2) plaintiff's placement in administrative detention, which he claims was in retaliation for his grievances rather than security reasons, (3) events surrounding his firing from a food service job, and (4) a search of his cell, which he claims

---

[1] Plaintiff has since been transferred to a federal facility out of state.

resulted in the loss of an inmate's statement proving his grievance. He also complained about the handling of his numerous grievances filed in relation to these four incidents.

Upon screening the complaint under 28 U.S.C. 1915A(a) and (b), this court found it subject to being dismissed for failure to state a claim. In a Memorandum and Order dated June 7, 2006, the court set forth plaintiff's claims and its findings that each failed to state a claim. Plaintiff was granted time to show cause why this action should not be dismissed for failure to state a claim for the reasons stated in the court's Memorandum and Order.

Plaintiff filed a timely response, which has been considered by the court. In his response, plaintiff does not attempt to cure the deficiencies in his complaint. Instead, he accuses the undersigned judge of having a conflict of interest and being biased and deceitful in deciding his case. He threatens to make the undersigned judge "pay" and to file a complaint against him.

Plaintiff asserts that the court has determined his evidence without requiring an answer from defendants. In particular, he complains of the court's characterization of one of his exhibits as the "initial" Administrative Detention Order. However, plaintiff himself apparently wrote on this exhibit, which is attached to his complaint as Exh. No. 17: "This is the lockup order plaintiff got on 6-1-05. The original one." The court discussed only those facts which were evident from exhibits filed by plaintiff. The court is not required to

2

ignore exhibits filed by plaintiff, which refute rather than support his claims.

The court concludes plaintiff has failed to present good cause as to why this action should not be dismissed for failure to state a claim for the reasons stated in its Memorandum and Order dated June 7, 2006.

Plaintiff stated in a letter mailed directly to the undersigned judge that he intends to appeal if this action is dismissed. Plaintiff must submit a timely Notice of Appeal in pleading form to the Clerk of the Court if he wishes to appeal this Order.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief denied for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge